# Exhibit 8

Claim Nos.: CL-2018-000297; CL-2018-000404; CL-2018-000590; CL-2019-000487

IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

B E T W E E N:

**SKATTEFORVALTNINGEN**
(The Danish Customs and Tax Administration)

**Claimant**

- and -

**ED&F MAN CAPITAL MARKETS LIMITED & OTHERS**

**Defendants**

---

**ED&F MAN'S RESPONSE TO CLAIMANT'S REQUEST DATED 19 MAY 2020 FOR FURTHER INFORMATION UNDER PART 18**

---

[References to defined terms in this Response to the Claimant's Part 18 Request are (save where otherwise indicated) to defined terms in the Re- Re-Amended Particulars of Claim ("**the RRAPOC**"), Re-Amended Schedule 5T ("**5T**"), ED&F Man's Re-Amended Defence and ED&F Man's Defence to 5T]

This is the response of ED&F Man Capital Markets Limited ("**ED&F Man**"), the 69th Defendant to Claim Number CL-2018-000297, to the Request for Further Information dated 19 May 2020 (the "**SKAT May 2020 Pt. 18 Request**") in respect of (1) ED&F Man's Amended Defence dated 5 September 2019; (2) ED&F Man's Part 18 Response by Rosenblatt Limited ("**Rosenblatt**")'s letter dated 26 September 2019 (the "**ED&F Man September 2019 Pt. 18 Response**"); and (3) ED&F Man's Part 18 Response by Rosenblatt's second letter dated 13 January 2020 (the "**ED&F Man January 2020 Pt. 18 Response**").

ED&F Man's position as further set out below has regard to the following:

(1)   SKAT's requests have been the subject of previous Part 18 Requests to which ED&F Man has already provided responses by (a) the ED&F Man September 2019 Pt. 18 Response; (b) Rosenblatt's third letter dated 10 October 2019; and (c) the ED&F Man January 2020 Pt. 18 Response (together, the "**ED&F Man Pt. 18 Responses**");

(2) in the light of (a) Annex E to ED&F Man's Amended Defence; and (b) the ED&F Man Pt. 18 Responses, SKAT has substantially repleaded in RRAPOC/5T its claim against ED&F Man in reliance on the (admitted) inaccuracy of the Annex E Vouchers;

(3) by (a) ED&F Man's Re-Amended Defence served on 12 June 2020 ("**Re-A. Def**") (and in particular ED&F Man's defence to 5T); and (b) ED&F Man's Defence to SKAT's 28 February 2020 Further Particulars Regarding the Validity of the WHT Refund Applications served on 12 June 2020, ED&F Man has pleaded a comprehensive response to RRAPOC and 5T;

(4) pursuant to the Order of the Hon. Mr Justice Andrew Baker made at the Case Management Conference on 16 January 2020 (the "**CMC Order**") (as varied by further Order of the Hon. Mr Justice Andrew Baker made on paper on 24 April 2020) ED&F Man will be giving disclosure on a rolling basis from 3 August 2020;

(5) enclosed with this Part 18 Response is a spreadsheet (the "**Updated Funds Flow Spreadsheet**") updating the spreadsheet attached at Appendix 1 to the ED&F Man January 2020 Pt. 18 Response (the "**Funds Flow Spreadsheet**"); and

(6) by the CMC Order, no party has been granted permission to adduce expert evidence pursuant to CPR Part 35, such that any instructions given to expert(s) retained by ED&F Man are protected by litigation privilege; and in the premises

(7) the requests in the SKAT May 2020 Pt. 20 Request (a) have already been answered (Requests 1 to 2; Requests 3 and 5); and/or (b) will be answered by (i) the Updated Funds Flow Spreadsheet; and (ii) ED&F Man's disclosure to be given imminently (Requests 3 and 5); and/or (c) are otherwise impermissible (Request 4), such that none of the requests are strictly confined to matters which are reasonably necessary and/or proportionate to enable SKAT to prepare its own case or to understand the case it has to meet (CPR PD 18 para 1.2).

Without prejudice to the foregoing, ED&F Man responds to the SKAT May 2020 Pt. 18 Request below by reference to the Re-Amended Defence served on 12 June 2020 which (in respect of the paragraphs the subject of Part 18 requests) is materially identical to the Re-Amended Defence served on 6 September 2019.

2

**Under (1) paragraph 10 of ED&F Man's Amended Defence; and (2) the ED&F Man January 2020 Pt. 18 Response**

**REQUESTS**

1. Does ED&F Man allege that paragraph 10 of the Amended Defence sets out the circumstances in which the Annex E Tax Vouchers were produced by it?

2. If not, please identify the circumstances in which the Annex E Tax Vouchers were produced.

**RESPONSE TO REQUESTS 1-2**

1. In relation to Request 1:

    1.1. by the ED&F Man September 2019 Pt. 18 Response, ED&F Man has already provided a response to an identical request made by SKAT's Part 18 Request by Pinsent Mason LLP ("**Pinsent Mason**")'s second letter dated 12 September 2019 (the "**Previous RFI Response**");

    1.2. a request relating to the "*circumstances in which the Annex E Tax Vouchers were produced*" by ED&F Man:

        1.2.1. does not relate to a matter which is "*in dispute in the proceedings*" under CPR 18.1(1)(a) (there being no dispute that the ED&F Man Representations (if any) made by the Annex E Vouchers were inaccurate for the reasons set out in Annex E to the Re-Amended Defence); and

        1.2.2. is not strictly confined to matters which are reasonably necessary and proportionate to enable SKAT to prepare its own case or understand ED&F Man's case (as is exemplified by SKAT having already amended its case in reliance on the Previous RFI Response as set out in 5T/5(b), 17(h) and 18(a)-(d)); however (and for the avoidance of doubt)

    1.3. sub-paragraphs 10.1 to 10.3 of the Re-Amended Defence apply to the Annex E Vouchers produced by ED&F Man; and

3

1.4. sub-paragraphs 10.4 to 10.6 do not apply to the Annex E Vouchers because (whereas (1) the PP acquired shares on a date on or prior to the Reference Date; (2) ED&F Man held the shares on the terms of (a) the Custody Agreement; and (b) the Security and Set Off Deed; (3) ED&F Man paid for the shares or discharged the PP's obligation to make payment; (4) ED&F Man received and credited to the PP's Custody Account a payment equivalent in value to a dividend net of 27% in respect of the shares (the "**Equivalent Dividend Payment**"); and (5) ED&F Man (a) produced a Tax Voucher; (b) received payment equivalent in value to 27% of the dividend into the Omnibus Account (the "**Equivalent WHT Payment**"); and (c) credited the amount of the Equivalent WHT Payment to the PP's Custody Account):

1.4.1. (the PP's acquisition and sale of the Security) (subparagraph 10.4): the PP did not acquire shares in respect of which a dividend was paid by the Danish Listed Company to the PP;

1.4.2. (the dividend Pay Date) (subparagraph 10.5): the Danish Listed Company did not pay a dividend net of WHT in respect of the shares to the PP; and

1.4.3. (the WHT reclaim) (subparagraph 10.6): no WHT was recoverable by the PP (no dividend net of WHT having been paid by the Danish Listed Company in respect of the shares to the PP).

2. See paragraphs 1.3 and 1.4 of the response to Request 1 above.

**Under the ED&F Man January 2020 Pt. 18 Response**

Of: **In respect of the Annex E Tax Vouchers, we can confirm that upon receipt of withholding tax (WHT") funds from the paying agent, ED&F Man credits all sums to the respective Pension Plans' cash accounts held at ED&F Man in accordance with their Custody Agreements**

Of: **3rd Party fees in relation to each transaction including brokerages fees and futures fees were charged directly to the Pension Plan's account**

Of: **a payment was made from the Pension Plans' account to their investment managers or to a vehicle managed by these investment managers**

4

Of: **Any balance either remained to the credit of the Pension Plans' in their cash accounts or was remitted to the Pension Plan**

**REQUEST**

3. Please provide details of the above credits made to, fees charged or payment made from the cash accounts of the Pension Plans and copies of the Custody Agreements.

**RESPONSE TO REQUEST 3**

3. In relation to Request 3:

   3.1. by the Funds Flow Spreadsheet, ED&F Man provided a detailed analysis of (1) the payments made by way of refund of WHT in respect of the ED&F Man Applications containing Annex E Vouchers (the "**Annex E WHT Refund Payments**"); and (2) the PP's use of the Annex E WHT Refund Payments following receipt of the same from the tax reclaim agents;

   3.2. by the Updated Funds Flow Spreadsheet:

      3.2.1. ED&F Man has updated the analysis set out in the Funds Flow Spreadsheet to take into account that the PP's liability in respect of some or all of ED&F Man's fees was incurred and settled prior to receipt of the Annex E WHT Refund Payments; accordingly

      3.2.2. column L sets out the PP's outstanding liability in respect of ED&F Man's fees at the time of receipt of the Annex E WHT Refund Payments (the "**ED&F Man Outstanding Fees**"), which liability is lower than the PP's total liability in respect of ED&F Man's fees (column K); but (for the avoidance of doubt and given the multiplicity of credits to and debits from the PP's Custody Account on a daily basis)

      3.2.3. it is not possible to establish in what exact proportion(s) the PP's liability in respect of fees relating to the trades described in the Updated Funds Flow Spreadsheet (including the ED&F Man Outstanding Fees) was paid out of (1) the Annex E

5

        WHT Refund Payments and/or (2) Equivalent Dividend Payments and/or (3) other sums in the PP's Custody Account;

3.3. ED&F Man (1) has already provided to SKAT copies of the PPs' Custody Agreements; and (2) will make available for inspection from 3 August 2020 in relation to the PPs' Custody Accounts documents evidencing (a) credits (b) fees (c) other sums paid to/by the PPs (including trading fees); and in the premises

3.4. pending disclosure, information and documentation beyond (1) the information set out in the Updated Funds Flow Spreadsheet; and (2) the documentation already provided by ED&F Man is not reasonably necessary or proportionate to enable SKAT to prepare its case or understand the case it has to meet.

**Under the ED&F Man January 2020 Pt. 18 Response**

Of: **ED&F Man instructed FTI Consulting ["FTI"] to carry out a review to identify how the WHT funds received by each of the Pension Plans in respect of the Annex E Tax Vouchers were then applied by each Pension Plan**

**REQUEST**

4. Please tell us how the instructions given to FTI were communicated (including between whom and when). If the instructions were communicated (alternatively captured) in writing, please provide a copy of those instructions and any documents provided. If the instructions were communicated orally, please provide us with a summary of those instructions.

**RESPONSE TO REQUEST 4**

4. Not entitled. Any instructions given by ED&F Man to FTI are covered by litigation privilege.

**Under the ED&F Man January 2020 Pt. 18 Response**

Of: **We have not been able to ascertain at present to whom the "Trading Fees" were paid**

**REQUEST**

5. Please identify the recipients of such "Trading Fees". As it stands, payments totalling DKK 3,736,577 on the Appendix to the Response are unaccounted for.

6

## RESPONSE TO REQUEST 5

5. In relation to Request 5:

    5.1. the premise of this Request (that payments in the sum of DKK 3,736,577 are "*unaccounted for*") is not understood: the relevant trading fees are broken down in the (1) Funds Flow Spreadsheet; and (2) the Updated Funds Flow Spreadsheet by reference to (a) the applicable sequence of trades; and (b) each PP; and

    5.2. ED&F Man's response to Request 3 above is repeated; in the premises

    5.3. pending disclosure, information and documentation beyond (1) the information set out in the Updated Funds Flow Spreadsheet; and (2) the documentation already provided by ED&F Man is not reasonably necessary or proportionate to enable SKAT to prepare its case or understand the case it has to meet.

### Statement of Truth

ED&F Man believes that the facts stated in this statement of case are true and I am duly authorised by it to sign this statement of truth on its behalf. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

Signed: ...*Christopher Smith*...
Full Name: Christopher John Robert Smith
Title/Position: Managing Director of ED&F Man Capital Markets Limited
Date: 11 June 2020

Served this 12th day of June 2020 by Rosenblatt, of 9-13 St Andrew Street, London EC4A 3AF solicitors to the 69th Defendant to Claim No CL-2018-000297.

7

Claim Nos.: CL-2018-000297; CL-2018-000404;
CL-2018-000590; CL-2019-000487

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**
**B E T W E E N:**

**SKATTEFORVALTNINGEN**
(The Danish Customs and Tax Administration)

<u>Claimant</u>

- and -

**ED&F MAN CAPITAL MARKETS LIMITED & OTHERS**

<u>Defendants</u>

---

**ED&F MAN'S RESPONSE TO CLAIMANT'S REQUEST
DATED 19 MAY 2020
FOR FURTHER INFORMATION UNDER PART 18**

---

**Rosenblatt**
**9-13 St Andrew Street**
**London EC4A 3AF**
**Tel: (020) 7955 0880**
**Fax: (020) 7955 0888**
**DX: LDE 493**

**Solicitor's Ref: JN/TS/CHW/EDF/1/57**

8