UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKATTEFORVALTNINGEN)        18-md-2865 (LAK)
TAX REFUND LITIGATION

This paper applies to: 18-cv-5053, 18-cv-5374, 18-cv-8655
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2026

**PRETRIAL ORDER NO. 69**
(*In Limine* Ruling – Preclusion of Evidence of English
Judgment and Colt Transaction)

LEWIS A. KAPLAN, *District Judge.*

Plaintiff moves *in limine* for "an order pursuant to Rules 401, 402, 403, and 802 of the Federal Rules of Evidence precluding the English Judgment, dated October 2, 2025, entered in *Skatteforvaltningen (the Danish Customs and Tax Administration) v. Solo Capital Partners LLP (in special administration) and many others*, [2025] EWHC 2364 (Comm), and cross-examination of Graham Wade on the Colt Transaction."[1] The motion (Dkt 1941 in 18-md-2865; Dkt 446 in 18-cv-5053; Dkt 314 in 18-cv-5374; Dkt 294 in 18-cv-8655) is **GRANTED** in every respect substantially for the reasons advanced by plaintiff in its opening and reply memoranda. The Court writes to emphasize briefly the inappropriateness of permitting introduction of the English judge's criticism of Mr. Wade's credibility.

There is no persuasive reason to permit defendants to place before the jury the English judge's criticism of Mr. Wade – essentially that, in the judge's view, Mr. Wade "lost detachment from the partisan interests of . . . his instructing client" and in substance was biased.[2] To do so would place before the trier of fact opinion testimony by a person not even subject to cross-examination and to invite the jury to accept that opinion for its truth rather than having the jury reach its own conclusions.

The English judge's credibility conclusion is an out-of-court statement offered to prove the truth of the matter asserted and therefore is inadmissible hearsay. As plaintiff has shown, the Second Circuit never has been confronted with the hearsay question posed here. And such

---

[1]     Pl.'s MIL Preclude Evid. English J. & Colt Transaction (Dkt 1941) at 1.

[2]     Weinstein Decl. Supp. Pl.'s MIL Preclude Evid. English J. & Colt Transaction, Ex. 3 (Dkt 1943-3) ¶ 397.

authority as there is supports plaintiff's position on the hearsay question.[3]

The English judge's conclusion as to bias explicitly was based on the judge's assessment of Mr. Wade's testimony before the English court and perhaps also by the extent of Mr. Wade's services and his compensation. The jury in this case of course will see Mr. Wade's testimony here, and defendants' counsel will be free to argue that his testimony exhibits bias. Moreover, there already is ample evidence in the Trial One record documenting the extent of Mr. Wade's services to plaintiff and his compensation for those services, which defendants' counsel in this case will be free to bring up to date. Thus, reference to the English judge's view would bring to the jury no new information. It nakedly would invite the jury to rely on a prestigious and respected outside figure's judgment rather than to assess the evidence itself.

As the Ninth Circuit wrote in concluding that the reading of parts of an order by a judge in a previous case should have been excluded under Rule 403:

> "[The defendant] argues that bringing the adverse, derogatory factual findings and comments in [a different judge]'s opinion before the jury created too great of a danger of unfair prejudice and thus violated Rule 403 of the Federal Rules of Evidence. We agree . . . .
>
> We have previously observed that factual testimony from a judge unduly can affect a jury. Similarly, jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves.
>
> Although we have not previously addressed the question, other federal circuit courts have held that the use as evidence of facts as found in a judicial opinion can unfairly prejudice a party . . . .
>
> [T]he Fourth Circuit held that '[i]n circumstances similar to those in this case such evidence should be excluded under [Rule] 403. This is because judicial findings of fact "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice."' The Eleventh Circuit has ruled similarly.
>
> Our determination that reference to facts found in a judicial opinion can unfairly prejudice a party does not mean that admission of such facts will *always* fail the balancing test of Rule 403. Such a holding would be inconsistent with courts' 'increasing reluctance to reject *in toto* the validity of the law's factfinding processes

---

[3]
*Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 606 & n.1560 (S.D.N.Y. 2014) (LAK) (collecting cases), *aff'd without consideration of the point*, 833 F.3d 74 (2d Cir. 2016).

outside the confines of res judicata and collateral estoppel,' which was noted, with approval, by the drafters of the Federal Rules of Evidence. In this case, however, the nature of the facts found and comments made by [the other judge]—directly opining on [the defendant]'s motivations and truthfulness, thereby implicating [the defendant]'s overall credibility as a witness—heavily weighs on the unfair prejudice side of the balance.

Supporting the conclusion that the use of [the different judge]'s opinion was violative of Rule 403 as tending to prejudice the jury is the consideration that the government could have proved the facts in [the different judge]'s findings through less prejudicial means. As far as [it] appears, the evidence that . . . underlay [the different judge's] findings[] was available to the government at the time of the criminal trial."[4]

The Ninth Circuit's analysis holds here. Even if the hearsay objection were overcome, the danger of unfair prejudice would outweigh substantially any probative effect, especially given the fact that the jury will have before it all of the evidence relating to Mr. Wade's supposed bias. It will see Mr. Wade testify, and it will know of his extensive involvement with and compensation from plaintiff.

SO ORDERED.

Dated:        March 19, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[4] *United States v. Sine*, 493 F.3d 1021, 1033-35 (9th Cir. 2007) (internal citations omitted).